UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JULIUS PHILLIPS,

                Plaintiff,

v.                                                                                          1:22-CV-0833
                                                                                            (DNH/ML)
BRUCE J WAGNER; REILLY
DYLION; and REBECCA BAUSCHER,

                Defendants.

---

APPEARANCES:                                                                                OF COUNSEL:

JULIUS PHILLIPS
  Plaintiff, *Pro Se*
800 State Street, Apt. 105
Schenectady, New York 12307

MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent this *pro se* Complaint (Dkt. No. 1) together with an application to proceed *in forma pauperis* (Dkt. No. 3) filed by Julius Phillips ("Plaintiff") to the Court for review. For the reasons discussed below, I grant Plaintiff's *in forma pauperis* application (Dkt. No. 3), and I recommend that Plaintiff's Complaint (Dkt. No. 1) be dismissed in its entirety without prejudice and without leave to amend.

I.      BACKGROUND

Liberally construed,[1] Plaintiff's Complaint asserts that his rights were violated by Defendants Bruce J Wagner, Reilly Dylion, and Rebecca Bauscher (collectively "Defendants"), who were all involved in Plaintiff's New York State Family Court ("Family Court") child support proceeding.  (*See generally* Dkt. No. 1.)

More specifically, Plaintiff alleges that his constitutional rights were violated by Defendants when they demanded that he provide his personal information and proceeded to garnish his wages based on a child support determination against Plaintiff.  (*Id*.)  In addition, Plaintiff alleges that he is involved in his child's life and thus, should not have to pay child support.  (*Id*.)

Based on these factual allegations, Plaintiff appears to assert the following causes of action: (1) a claim that his wages were garnished without due process; (2) a claim that his rights pursuant to the Fourth, Fifth, Seventh, and Fourteenth Amendments were violated; (3) conspiracy to commit a crime and forced labor.  (*Id*.)  As relief, Plaintiff appears to seek a new trial in the Family Court child support proceeding.  (*Id*.)

Plaintiff also filed an application to proceed *in forma pauperis*.  (Dkt. No. 3.)

II.     PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

"When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $402, must ordinarily be paid.  28 U.S.C. § 1914(a).  A court is authorized, however, to permit a litigant to proceed *in forma pauperis* status if a party "is unable to pay" the

---

[1]     The court must interpret *pro se* complaints to raise the strongest arguments they suggest. *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

standard fee for commencing an action. 28 U.S.C. § 1915(a)(1).[2] After reviewing Plaintiff's *in forma pauperis* application (Dkt. No. 3), the Court finds that Plaintiff meets this standard. Therefore, Plaintiff's application to proceed *in forma pauperis* is granted.[3]

### III.   LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party or parties have been served and have had an opportunity to respond, 28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

In addition, the Court shall dismiss any action where the Complaint fails to allege facts plausibly suggesting subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88-89 (1988) (holding that subject matter jurisdiction is a "threshold question that must be resolved . . . before proceeding to the merits."); *Humphrey v. Syracuse Police Dep't*, 758 F. App'x 205, 205-06 (2d Cir. 2019) (citing *United States v. Bond*,

---

[2]   The language of that section is ambiguous because it suggests an intent to limit availability of *in forma pauperis* status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). The courts have construed that section, however, as making *in forma pauperis* status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[3]   Plaintiff is reminded that, although his application to proceed *in forma pauperis* has been granted, he is still required to pay fees that he may incur in this action, including copying and/or witness fees.

762 F.3d 255, 263 (2d Cir. 2014)) ("[b]efore deciding any case on the merits, a district court must determine that it has subject matter jurisdiction over the matter."); *Koziel v. City of Yonkers*, 352 F. App'x 470, 471 (2d Cir. 2009) (summary order) (affirming *sua sponte* dismissal of complaint on initial review for lack of subject matter); *Talley v. LoanCare Serv., Div. of FNF*, 15-CV-5017, 2018 WL 4185705, at *5 (E.D.N.Y. Aug. 31, 2018) (dismissing on initial review, action challenging state court mortgage foreclosure judgment because the court lacked jurisdiction); *Eckert v. Schroeder, Joseph & Assoc.*, 364 F. Supp. 2d 326, 327 (W.D.N.Y. 2005) (citing *Hughes v. Patrolmen's Benevolent Ass'n of the City of N.Y., Inc.*, 850 F.2d 876, 881 (2d Cir. 1988), *cert. denied*, 488 U.S. 967 (1988)) ("[a] court shall, *sua sponte*, dismiss a complaint for lack of subject matter jurisdiction as soon as it is apparent that it lacks subject matter jurisdiction.").

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

### IV.  ANALYSIS

In addressing the sufficiency of a plaintiff's complaint, the court must construe his pleadings liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Having reviewed Plaintiff's Complaint with this principle in mind, I recommend that all causes of action be dismissed.

A. The *Rooker-Feldman* Doctrine

Federal district courts lack authority to review state-court orders. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005); *see also Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002) ("28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments . . . .").

"[I]n some circumstances, federal suits that purport to complain of injury by individuals in reality complain of injury by state-court judgments." *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 88 (2d Cir. 2005). Federal review of such claims is barred under the *Rooker-Feldman* doctrine when four requirements are met: (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district-court review and rejection of the state-court judgment; and (4) the state-court judgment must have been rendered before the district-court proceedings commenced. *Hoblock*, 422 F.3d at 85 (quoting *Exxon Mobil Corp.*, 544 U.S. at 284).

"A plaintiff's challenge in a federal district court to 'the validity or enforcement of [a] child support order itself' is barred by the *Rooker-Feldman* doctrine." *Ganiyu v. Lopez*, 19-CV-11605, 2020 WL 1467356, at *3 (S.D.N.Y. Mar. 25, 2020) (quoting *Sykes v. Bank of Am.*, 723 F.3d 399, 404 (2d Cir. 2013)). "Courts have applied this doctrine to bar claims challenging the enforcement of child-support orders by garnishment, seizure, and suspension of a child-support debtor's driver's license." *Ganiyu*, 2020 WL 1467356, at *3 (citing *Fernandez v. Turtsky*, 12-CV-4092, 2014 WL 5823116, at *1, 3-4 (E.D.N.Y. Nov. 5, 2014), *aff'd*, 645 F. App'x 103 (2d Cir. 2016); *Leftridge v. Support Enforcement Servs.*, 12-CV-0150, 2013 WL 1947174, at *2 (D.

5

Conn. May 3, 2013); *Remy v. NYS Dep't of Taxation & Fin.*, 09-CV-4444, 2010 WL 3925184, at *8 (E.D.N.Y. Aug. 18, 2010), *report and recommendation adopted by*, 2010 WL 3926919 (E.D.N.Y. Sept. 29, 2010), *aff'd*, 507 F. App'x 16 (2d Cir. 2013); *see also Adams v. Vt. Office of Child Support*, 717 F. App'x 33, 34 (2d Cir. 2017) (action seeking "an injunction relieving [the plaintiff] of the obligation to pay child support, preventing the garnishment of her future wages, and requiring the return of the monies already collected from her, as well as an award of damages for injuries caused by the child support obligation" should have been dismissed because of the *Rooker-Feldman* doctrine)).

Plaintiff's claims, while not entirely clear, seem to challenge an order by the Family Court, issued before Plaintiff filed this action, in which the Family Court determined that he owes child support. By asking this Court to issue an order allowing for Plaintiff's Family Court proceeding to be "redone" and "thrown out" (Dkt. No. 1 at 7), Plaintiff appears to challenge the validity of that order and its enforcement by garnishment. Thus, Plaintiff's claims for relief are barred by the *Rooker-Feldman* doctrine, and I recommend that they be dismissed for lack of subject-matter jurisdiction. *See Exxon Mobil Corp.*, 544 U.S. at 291 (the *Rooker-Feldman* doctrine "precludes a United States district court from exercising subject-matter jurisdiction.").

### B. The Domestic-Relations Abstention Doctrine

"In *American Airlines, Inc. v. Block*, the Second Circuit instructed federal district courts to abstain from exercising federal-question jurisdiction over claims involving domestic-relations issues, so long as those claims could be fairly determined in the state courts." *Ganiyu*, 2020 WL 1467356, at *4 (citing *Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990)). For example, the Second Circuit directed that federal district courts should abstain from exercising its federal-question jurisdiction over claims in which it is "asked to grant a divorce or annulment, determine support payments, or award custody of a child . . . ." *Am. Airlines, Inc.*, 905 F.2d at 14.

Plaintiff alleges that his future wages have been garnished apparently due to his child-support debt. His claims therefore involve domestic-relations issues and thus, "unless he shows that there is an obstacle that prevents him from receiving a full and fair determination of those issues in the state courts, this Court must abstain from exercising its federal-question jurisdiction over his claims arising from the Family Court's order and its enforcement." *Ganiyu*, 2020 WL 1467356, at *4 (citing *Am. Airlines*, 905 F.2d at 14; *Simmons v. NYS Dep't of Soc. Servs.*, 19-CV-3633, 2019 WL 5810307, at *4 n.2 (S.D.N.Y. Nov. 5, 2019) ("Thus, even if *Rooker-Feldman* did not bar Plaintiff's claim asking this Court to review a support order that the Family Court issued, calculation of support payments is the type of domestic relations issue that the Court generally abstains from hearing")).

In New York State, a child-support debtor is entitled to the post-judgment remedies outlined in Article 52 of the New York Civil Practice Law and Rules ("Article 52"). For example, when a local government's support collection unit issues an execution for enforcement of current support or arrears, but there is "an error in the amount" purportedly owed, the debtor may assert that error as a "mistake of fact" and "shall have an opportunity to make a submission

in support of the objection within fifteen days from service of a copy" of the execution. N.Y. C.P.L.R. § 5241(a)(8), (e). The appropriate agency rules on the objection and "notif[ies] the debtor of its determination within forty-five days" of service of the execution. N.Y. C.P.L.R. § 5241(e). If the agency does not agree with the debtor's objection, the debtor may seek judicial review of the agency's determination in a proceeding brought in a state court under Article 78 of the New York Civil Practice Law and Rules ("Article 78"). *Beattease v. Washington Cnty. Support Collection Unit*, 92 A.D.3d 1037, 1038 (N.Y. App. Div. 3d Dep't 2012) (noting that an applicant for relief should commence an Article 78 proceeding after exhausting his administrative remedies before a support collection unit).

The Complaint fails to allege facts plausibly suggesting that there are any obstacles preventing Plaintiff from receiving a full and fair determination regarding the amount of child support he owes or the garnishment of his income. As a result, in the alternative, I recommend that the Court abstain from exercising its federal-question jurisdiction over Plaintiff's claims arising from those events pursuant to the domestic-relations abstention doctrine.

### C. Immunity

In the alternative, I recommend that Plaintiff's claims against Defendants Wagner and Bauscher pursuant to 42 U.S.C. § 1983, be dismissed based on the doctrine of judicial immunity.

#### 1. Defendant Wagner

Plaintiff's claims under § 1983 against Defendant Wagner, who acted as the support magistrate judge, are barred under the doctrine of judicial immunity. Under this doctrine, judges are absolutely immune from suit for claims for damages for any actions taken within the scope of their judicial responsibilities. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Generally, "acts arising out of, or related to, individual cases before [a] judge are considered judicial in nature."

*Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Bliven*, 579 F.3d at 209. This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). Further, as amended in 1996, § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when a judge takes action outside his or her judicial capacity, or when a judge takes action that, although judicial in nature, is taken "in the complete absence of all jurisdiction." *Mireles* 502 U.S. at 11-12; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). However, "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978). "District courts within this Circuit have applied this immunity doctrine to New York Family Court Support Magistrates," like Defendant Wagner. *Roger of the Family Forest v. 45 C.F.R. § 75.2 IV-D Contractor Steve Banks*, 18-CV-10866, 2019 WL 4194332, at *4 (S.D.N.Y. Aug. 30, 2019) (collecting cases).

Plaintiff asserts claims arising from the efforts of Defendant Wagner, in his capacity as a New York Family Court Support Magistrate, to assess and collect child support that Plaintiff owes pursuant to Family Court orders and judgments. Defendant Wagner is therefore immune from suit under the doctrine of judicial immunity.

As a result, in the alternative, I recommend that Plaintiff's claims against Defendant Wagner pursuant to 42 U.S.C. § 1983, be dismissed under the doctrine of judicial immunity and because those claims are frivolous. *See* 28 U.S.C. § 1915(e)(2)(b)(i), (iii); *Mills v. Fischer*, 645

F. 3d 176, 177 (2d Cir. 2011) (claims dismissed because of judicial immunity are frivolous for the purpose of the IFP statute, 28 U.SC. § 1915).

### 2. Defendant Bauscher

"Absolute immunity may attach to a non-judicial officer where that individual serves as an 'arm of the court,' or acts as an 'integral part[] of the judicial process.'" *Holland v. Morgenstern*, 12-CV-4870, 2013 WL 2237550, at *4 (E.D.N.Y. May 20, 2013) (quoting *Scotto v. Almenas*, 143 F.3d 105, 111 (2d Cir. 1998); *Briscoe v. LaHue*, 460 U.S. 325, 335 (1983)). "In New York, courts have regularly found that attorneys for children in custody proceedings (called 'law guardians' until 2010, N.Y. Fam. Ct. Act § 242) enjoy quasi-judicial immunity." *Thomas v. Martin-Gibbons*, 19-CV-7695, 2020 WL 5026884, at *7 (S.D.N.Y. Aug. 25, 2020) (citing *Bey v. New York*, 11-CV-3296, 2012 WL 4370272, at *9 (E.D.N.Y. Sept. 21, 2012)).

Plaintiff's allegations against Defendant Bauscher arise out of her court-appointed representation of Plaintiff's child during the Family Court proceedings. As a result, I recommend that Plaintiff's claims against Defendant Bauscher pursuant to 42 U.S.C. § 1983, be dismissed pursuant to the doctrine of quasi-judicial immunity. *Thomas v. Martin-Gibbs*, 2020 WL 5026884, at *7 (citing *Yapi v. Kondratyeva*, 340 F. App'x 683, 685 (2d Cir. 2009) (finding that the Children's Law Center and its employees are entitled to quasi-judicial immunity)) (dismissing the plaintiff's claims against the Children's Law Center, which arose out of their court-appointed representation of "J.O." during family court proceedings).

### D. Failure to State a Claim Upon Which Relief May Be Granted

Plaintiff's claims pursuant to 42 U.S.C. § 1983 against Defendant Dylion are inadequately pled because he failed to allege that Defendant Dylion acted under color of state law. 42 U.S.C. § 1983; *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005).

Although it is not clear from the face of the Complaint whether Defendant Dylion was appointed by the court to represent "the defendant" in the Family Court proceeding, or whether "the defendant" in the Family Court proceeding privately retained Defendant Dylion, the difference is inconsequential. "It is well-settled that attorneys engaged in private practice do not act under color of state law within the meaning of § 1983." *Parent v. New York*, 786 F. Supp. 2d 516, 538 (N.D.N.Y. May 24, 2011) (Hurd, J.) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981)); *accord Agron v. Douglas W. Dunham Esq. & Assocs.*, 02-CV-10071, 2004 WL 691682, at *3 (S.D.N.Y. Mar. 31, 2004); *see Walker v. Rivera*, 22-CV-0560, 2022 WL 2341544, at *3 (N.D.N.Y. June 29, 2022) (Dancks, M.J.) (recommending dismissal of the plaintiff's Section 1983 claims against the defendant private attorney and defendant attorney for the child because the plaintiff failed to allege facts plausibly suggesting that they acted under color of state law); *DeRouseau v. Fam. Ct., Westchester Cnty.*, 21-CV-8716, 2022 WL 1747859, at *3 (S.D.N.Y. May 31, 2022) (dismissing the plaintiff's § 1983 claims against "attorneys who were appointed to represent him and his child in the Family Court."); *Cleveland v. Schenectady Cnty. Dep't of Children and Families*, 16-CV-1235, 2016 WL 8193590, at *6 (N.D.N.Y. Dec. 30, 2016) (Stewart, M.J.) ("It is well settled that conduct of private attorneys practicing in family court proceedings, even where they are paid by the State, do not rise to the level of State action.").

As a result, in the alternative, I recommend that Plaintiff's claim against Defendant Dylion be dismissed for failure to state a claim upon which relief may be granted.

## V.     OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05

(2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).[4]

Here, better pleading could not cure the Court's lack of subject matter jurisdiction described above. As a result, I recommend that Plaintiff's claims be dismissed without prejudice but without leave to amend.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's IFP application (Dkt. No. 3) is **GRANTED**; and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND** Plaintiff's Complaint (Dkt. No. 1), because the Court lacks subject-matter jurisdiction pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

---

[4]   *See also Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 340-41 n.1 (N.D.N.Y. 2015) (Suddaby, C.J.) (explaining that the standard set forth in *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)—that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would be successful in stating a claim"—is likely not an accurate recitation of the governing law after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), *rev'd on other grounds*, 682 F. App'x 30.

**ORDERED** that the Clerk of the Court shall file a copy of this Order and Report-Recommendation on Plaintiff, along with copies of the unpublished decisions cited herein in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[5] Such objections shall be filed with the Clerk of the Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**.  28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

Dated: November  4 , 2022
Binghamton, New York

_____
Miroslav Lovric
U.S. Magistrate Judge

---

[5] If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).